IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-173-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANGELA BOYKIN PARRISH and JOHN ) | |
| F. LOGAN, ) | |
| ) | |
| Appellees. ) | |
| ) | |

This matter is before the court on motion (DE 24) by appellee Angela Boykin Parrish ("appellee") to dismiss this bankruptcy appeal as moot, and motion (DE 25) by appellant to dismiss this bankruptcy appeal as moot and to vacate the bankruptcy court order on appeal. The time for responses has expired and in this posture the issue raised are ripe for ruling.

**BACKGROUND**

Appellee filed the instant appeal on April 20, 2018, seeking to reverse an April 6, 2018, order of the bankruptcy court that granted objection by appellee, then-debtor under Chapter 13 of the Bankruptcy Code, to a claim of the United States. See In re Parrish, 583 B.R. 873, 881 (Bankr. E.D.N.C. 2018) (case No. 5:17-bk-02341-SWH, docket No. 40). In the underlying bankruptcy case commenced May 10, 2017, the United States filed a proof of claim in the amount of $664.00, arising from appellee's failure to obtain health insurance as required by the Affordable Care Act, 26 U.S.C. § 5000, asserting that such claim was entitled to priority status as a tax owed to the government under 11 U.S.C. § 507. Appellee objected to the claim, arguing that it was a penalty and not a tax,

and thus not entitled to priority. The bankruptcy court agreed with appellee in its order now on appeal.

After appellant filed its brief on appeal, appellee filed the instant motion to dismiss the appeal as moot on October 2, 2018, on the basis that appellee had converted her bankruptcy case to a Chapter 7 proceeding without any distribution to creditors.[1] Appellee notes that appellant concurs in the assessment that the appeal is moot, but appellant seeks dismissal and vacatur of the bankruptcy court order, which vacatur appellee opposes. In its instant motion to dismiss appeal and to vacate, appellant confirms it agrees that the appeal must be dismissed as moot due to conversion of the case to a Chapter 7 bankruptcy, and it sets forth grounds for that part of its motion to vacate the bankruptcy court order.

## COURT'S DISCUSSION

A.  Dismissal of Appeal

"If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to the prevailing party, then the appeal must be dismissed as moot." Int'l Bhd. of Teamsters, Local Union No. 639 v. Airgas, Inc., 885 F.3d 230, 235 (4th Cir. 2018). Here, appellee's conversion of the bankruptcy case from Chapter 13 to Chapter 7 rendered the issue of priority of claims moot because both parties represent that there are not enough assets to pay claimants beyond those with secured claims. Accordingly, where the relief sought is now irrelevant to the administration of the bankruptcy estate, the court must dismiss the appeal as moot. See id.

---

[1] Appellee also sought an extension of time in which to file a responsive brief on appeal pending decision on motion to dismiss the appeal. The court stayed briefing on appeal pending decision on the instant motion and encouraged the parties to develop a proposed consent order for closing out the appeal.

B.      Vacatur of Bankruptcy Court Order

The Supreme Court recently set forth standards for vacating an order on appeal in circumstances similar to those presented here:

> When a civil case from a court in the federal system has become moot while on its way here, this Court's established practice is to reverse or vacate the judgment below and remand with a direction to dismiss. Because this practice is rooted in equity, the decision whether to vacate turns on the conditions and circumstances of the particular case. <u>One clear example where vacatur is in order is when mootness occurs through the unilateral action of the party who prevailed in the lower court</u>. It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment.

Azar v. Garza, 138 S. Ct. 1790, 1792 (2018) (internal citations omitted, emphasis added); see Alvarez v. Smith, 558 U.S. 87, 94 (2009) (stating that vacating a lower court judgment in a moot case "clears the path for future relitigation of the issues between the parties, preserving the rights of all parties, while prejudicing none by a decision which was only preliminary"). In this circuit, where mootness occurs through the unilateral action of the party who prevailed below, the "extraordinary relief" of vacatur is available subject "to considerations of the public interest":

> Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.

Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 117-118 (4th Cir. 2000) (internal quotation omitted).

This case represents a "clear example where vacatur is in order" because mootness results through the unilateral action of the party who prevailed in the lower court, Azar, 138 S.Ct. 1792, here the action by appellee to convert her bankruptcy case to a Chapter 7 proceeding. The public interest also favors vacatur because the appeal raises important substantive issues of law that the

3

United States may encounter again in a future bankruptcy case where the issues are of concrete significance to the administration of an estate.

Appellee suggests that the bankruptcy court order should not be vacated because it "will have no impact on that issue in other cases in which that issue arises in the Eastern District of North Carolina, other than the inherent persuasiveness of the opinion." (Appellee's Motion (DE 24) ¶ 10). In so arguing, appellee highlights the minimal adverse impact upon public interest due to vacatur in this case. If the reasoning of the bankruptcy court's order has an "inherent persuasiveness" to it, (id.), then the same reasoning can be used again by the bankruptcy court or future litigants in addressing the issue in a case of concrete significance. At the same time, because the bankruptcy court's order does not have precedential value, its vacatur will have minimal adverse impact on the public interest in maintaining "judicial precedents." Valero, 211 F.3d at 118.

Appellee also argues, in the alternative, that the court should remand the case to the bankruptcy court for a determination in the first instance as to whether the bankruptcy court's order should be vacated. However, this court sits in an appellate posture in the bankruptcy context. See In re Kirkland, 600 F.3d 310, 314 (4th Cir.2010). As a court of bankruptcy appellate jurisdiction, this court may vacate a bankruptcy court order that is before it for appellate review. See 28 U.S.C. § 2106. In light of the authorities set forth herein, vacatur by this court is warranted under the circumstances of this case.

## CONCLUSION

Based on the foregoing, the motions to dismiss the instant appeal as moot are GRANTED, and the instant appeal is DISMISSED AS MOOT. That part of the government's motion for vacatur also is GRANTED. The court ORDERS that the United States Bankruptcy Court for the Eastern

District of North Carolina VACATE its April 6, 2018 order (No. 5:17-bk-02341-SWH, docket entry No. 40).

SO ORDERED, this the 30th day of November, 2018.

LOUISE W. FLANAGAN
United States District Judge